EL PUEBLO, DEMANDANTE Y APELADO, v. RODRÍGUEZ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de ·Humacao
en causa por delito contra el derecho electoral (infrac-
ción al artículo 162 del Código Penal).

No. 890.—Resuelto en julio 30, 1915.

DELITO CONTRA EL DERECHO ELECTORAL—SISTEMA DE ELECCIONES—REGISTRO DE
ELECTORES.—El sistema de elecciones en Puerto Rico establecido primero por
las leyes de 1902 y 1904 y luego por la vigente en la actualidad, de 1906,
ésta con las enmiendas y modificaciones hechas por leyes de 1908 y 1912,
descansa en la existencia de un registro de electores en que aparezcan ins-
critas las personas que tienen derecho a votar el día de las elecciones.

ID.—INSCRIPCIÓN DE ELECTORES—DERECHO A VOTAR.—Siendo la inscripción una
condición *sine qua non* para ejercitar el derecho a votar, ya que las personas
que no están inscritas no pueden votar, debiendo figurar en el registro de
votantes las personas que tienen derecho a votar, no tiene derecho a inscri-
birse quien no tiene derecho a votar.

ID.—REQUISITOS PARA SER ELECTOR.—Quien se inscribe o deja inscribir a sabiendas
de que no reune las condiciones exigidas por la ley para poder votar, comete
el delito castigado en el artículo 162 del Código Penal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

José Rodríguez fué condenado por la Corte de Distrito
de Humacao a pagar un multa de $50 y en defecto de pago
a sufrir un mes de cárcel y al pago de las costas por infrin-
gir el artículo 162 del Código Penal, en virtud de una acusa-
ción que le imputa que en uno de los días del mes de julio
de 1914 voluntariamente se hizo ·inscribir en el registro de
electores del municipio de Naguabo, precinto electoral de
Naguabo, a sabiendas de que no tenía derecho a tal inscrip-
ción por no tener en dicho municipio un año de residencia
con antelación al 3 de noviembre de 1914, fecha de la elección;
y en la apelación que interpuso contra la sentencia sostiene
ante nosotros que debe ser revocada porque la acusación no

le imputa delito alguno, basándose para ello en que no existe en Puerto Rico ni en Naguabo ningún registro de electores y en que no hay ley alguna que exija condiciones para inscribirse a los ciudadanos de Puerto Rico o de los Estados Unidos sino para votar.

El sistema de elecciones establecido por nuestras leyes electorales descansa en la existencia de un registro de electores en el que aparezcan inscritas las personas que tienen derecho a votar el día de las elecciones. Ese registro de electores lo ordenó la ley de 1902 y la del 1904 así como la vigente en la actualidad, que es la de 1906 con las enmiendas y modificaciones que le hicieron las leyes de 1908 y 1912. Según la sección 4ª de esa ley todo varón, ciudadano de Puerto Rico o de los Estados Unidos cuyo nombre constare en las listas de inscripciones tendrá derecho a votar en el distrito municipal donde residiere, lo que demuestra que existe en Puerto Rico un registro donde están inscritas las personas que tienen derecho a votar, por lo que no es sostenible el razonamiento del apelante respecto a este particular.

El artículo 162 del Código Penal castiga como delito menos grave el hecho de que una persona voluntariamente se hiciere o dejare inscribir en el registro de electores de cualquier municipio de Puerto Rico sabiendo que no tiene derecho a tal inscripción, pero sostiene el apelante que no hay ley alguna en esta isla que exija determinadas condiciones para que puedan inscribirse los ciudadanos de Puerto Rico o de los Estados Unidos, las que sólo existen para tener derecho a votar.

Entendemos que la inscripción es una condición *sine qua non* para ejercitar el derecho a votar ya que las personas que no están inscritas no pueden votar, y debiendo figurar en el Registro de votantes las personas que tienen derecho a votar, es claro que no tiene derecho a inscribirse quien no tenga derecho a votar. En consecuencia, para poder inscribirse como elector es necesario reunir las condiciones exigidas por la ley para poder votar y quien se inscribe o deja ins-

cribir a sabiendas de que no las reúne, comete el delito casti-
gado en el artículo 162 del Código Penal.

Por tanto, alegando la acusación que el apelante volun-
tariamente se dejó inscribir como elector en el precinto de
Naguabo sabiendo que no tenía derecho a ello porque no
tenía un año de residencia en el precinto, expone hechos cons-
titutivos de infracción al artículo 162 citado, ya que de acuerdo
con la sección 15 de la Ley Electoral no tenía derecho a votar
en aquel precinto en la elección de 3 de noviembre de 1914,
y la sentencia apelada debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.